UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS MICHAEL OLMSTEAD, #221942,

          Plaintiff,

                                             Case No. 06-CV-14881
vs.                                     HON. GEORGE CARAM STEEH

ERICK BALCARECEL, et al.,

          Defendants.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#31),
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#17),
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#21),
AND DISMISSING PLAINTIFF'S CLAIMS

Defendants Michigan Department of Corrections (MDOC) Deputy Warden Balcarecel, Grievance Coordinator Kennelly, Librarian Bell, and Assistant Librarian Valone move for summary judgment of pro se plaintiff Dennis Olmstead's prisoner civil rights claims alleging that his prison law library schedule was changed, and he was placed on modified access to the grievance process, in retaliation for filing grievances. Olmstead also alleges he was placed on mandatory library "call-outs" that constituted cruel and unusual punishment by depriving him of a full 8.5 hours of sleep. Olmstead also moves for summary judgment based on the defendants' failure to reply to the complaint. The motions were referred to Magistrate Judge Steven D. Pepe, who issued a June 28, 2007 Report and Recommendation recommending that Olmstead's motion be denied, and that the defendants' motion be granted, because: (1) defendants were not yet required to file a reply to the complaint pursuant to 42 U.S.C. § 1997e(g)(1-2); (2) Olmstead has failed to proffer

evidence that he was ever denied access to the courts; (3) Olmstead's prison grievances alleging he was denied reasonable access to the law library and subjected to the cruel and unusual punishment of being denied 8.5 hours of sleep because his library scheduled conflicted with his midnight-shift kitchen assignment were frivolous on the factual record; (4) Olmstead's "flash kite" prison grievance against Deputy Warden Balcarecel was properly rejected for containing demeaning references in violation of MDOC policy PD 03.02.130; (5) Olmstead cannot sustain a retaliation claim premised on the changing of his law library schedule, being placed on modified access to the grievance process, or the denials of his grievances due to Olmstead's failure to proffer evidence that any resulting injury was more than *de minimus*; (6) Olmstead cannot sustain a retaliation claim for failure to proffer evidence of a causal connection between constitutionally protected conduct and an adverse action; (7) Olmstead cannot sustain a supervisory claim against Deputy Warden Balcarecel due to a failure to proffer evidence that Balcarecel at least implicitly authorized, approved, or knowingly acquiesced in unconstitutional conduct; (8) Olmstead cannot sustain a cruel and unusual punishment claim on this record.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Olmstead has not filed timely objections. The court has reviewed the Report and Recommendation and accepts it in its entirety. Accordingly,

IT IS ORDERED that Magistrate Judge Pepe's June 28, 2007 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court.

2

Olmstead's motion for summary judgment is hereby DENIED. Defendants' motion for summary judgment is hereby GRANTED. Plaintiff Olmstead's claims are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

Dated: July 24, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 24, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---